D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff and proposed FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
**DEWI RIANA, on behalf of herself and others similarly situated,**

        **Plaintiff,**

   v.

**TORISHIKI USA CORP. d/b/a TORIEN RESTAURANT, SHOWA HOSPITALITY, LLC, JULIEN HAKIM, HIDEO YASUDA, and RODRIGO ACOSTA,**

        **Defendants.**
-----------------------------------------------------x

CASE NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Torishiki USA Corp. is a New York corporation that owns and operate Torien restaurant in Manhattan, NY.

4. Defendant Torishiki USA Corp. has an annual gross volume of sales in excess of $500,000.

5. Defendant Showa Hospitality LLC ("Showa") is a California limited liability company. Showa is a consortium that owns and operates a number of separately incorporated restaurants, including Torien.

6. Showa's corporate offices actively manage Torien's affairs through constant contact with Torien's General Manager and Chefs Rodrigo Costa and Hedeo Yasuda.

7. Showa's website lists Torien as one of the restaurants belonging to its brand.

8. Showa posts job openings on the internet for positions at Torien.

9. Defendant Julien Hakim is an owner of Showa and is actively involved with the management and decision-making at Torien. He frequently visits the restaurant to meet with the management staff and discuss managerial issues, such as staffing, hiring and firing, and finances.

10. Defendant Hideo Yasuda is the executive chef at Torien. He has authority over staff at Torien. He is regularly involved in hiring and firing employees and setting their schedules and pay.

11. Defendant Rodrigo Acosta is a chef at Torien. He has authority over staff at Torien. He is regularly involved in hiring and firing employees and setting their schedules and pay.

12. Plaintiff Dewi Riana has been employed by Defendants as a server at Torien from mid-2022 through the present.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants at Torien on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## FACTS

16. Defendants committed the following alleged acts knowingly, intentionally and willfully.

17. Defendants knew that misappropriation of tips would economically injure Plaintiff and the Class Members and violated federal and state laws.

18. Plaintiff worked as a server at Torien restaurant.

19. Each night Plaintiff and at least one other server generated tips paid by patrons.

20. Plaintiff was required to share tips with her coworkers by participating in a tip-pool.

21. Under Defendants' policy, 37.5% of the tip-pool each night went to individuals who are not allowed to share tips under New York law.

22. Specifically, this percentage of the tip-pool was shared with a sous-chef, a dishwasher, and Defendants Yasuda and Rodrigo. None of these individuals interacted directly with customers as part of their primary duties.

23. In addition, Defendants Yasuda and Rodrigo had managerial authority over other employees.

24. Plaintiff's wage statements did not contain an accurate statement of her tips earned.

25. Defendants committed the foregoing acts against the Plaintiff and the FLSA Collective members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

28. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

29. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

30. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought By Plaintiff on Behalf of Herself and the FLSA Collective Members)**

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. Defendants willfully misappropriated portions of Plaintiff's and FLSA Collective Members' tips.

33. As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiff on Behalf of Herself and the FLSA Collective Members)**

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

35. Defendants did not provide Plaintiffs and the FLSA Collective Members with the wage notices/statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

36. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Collective Members are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 198 and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       June 21, 2023

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff and the
proposed FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.