JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601 D.
New York, NY 10004
Phone   (212)   688-5640
Fax     (212)   688-2548
www.jk-llp.com

August 4, 2023

**VIA ECF**

Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Riana v. Torishiki USA Corp.*
              No. 23 Civ. 5248

Dear Judge Schofield:

      Pursuant to this Court's Initial Conference Order, the parties in the above-referenced action submit this joint letter in advance of the August 9, 2023 initial conference.

Summary of Claims and Defenses

      Plaintiff is a server at Torien, Defendants' restaurant. Plaintiff alleges that Defendants unlawfully required her to share tips with managerial employees and employees who did not provide direct customer service, in violation of 29 U.S.C. § 203(m) and N.Y. Lab. L. § 196-d. Plaintiff further alleges that Defendants violated N.Y. Lab. L. § 195(3) by failing to accurately record her tips on her wage statements. Plaintiff brings this claims as a putative collective action under 29 U.S.C. § 216(b).

      Defendants generally disputes Plaintiff's allegations that (a) there was any tip sharing pool in violation of state and/or federal law, (b) that Plaintiff's tips were inaccurately recorded, and (c) that Defendants failed to provide proper wage notices and statements. Defendants further dispute the individual liability of defendants Julien Hakim, Hideo Yasuda, and Rodrigo Acosta.

Subject Matter of Jurisdiction

      Plaintiffs assert that this Court has subject matter jurisdiction over this case because the Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs bring this case under the FLSA, 29 U.S.C. § 201, *et seq*. Plaintiffs assert that this Court has supplemental jurisdiction over the New York state law claims, as they are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution. Venue is proper in this District because Plaintiff worked for Defendants at their restaurant located in Manhattan.

Anticipated or Pending Motions

There are no current motions pending. Plaintiff anticipates that she will move for collective certification under 29 U.S.C. § 216(b).  Defendants anticipate bringing motions for summary judgment at the close of discovery seeking dismissal of the individually named defendants and/or of the entire dispute.

Status of Discovery

No discovery has taken place. Plaintiff anticipates that discovery that is likely admissible under the Federal Rules of Evidence that is material to proof of her claims includes pay and time records, tip records, and documents reflecting the job duties of the people she alleges were improperly included in the tip pool.

Computation of Damages

Defendants are in the possession of all documents that Plaintiff will use to calculate individual and collective damages. Plaintiff seeks damages for the following categories in amounts to be determined after discovery.

- Compensatory damages for misappropriated tips
- Liquidated damages
- Statutory damages for violations of N.Y. Lab. L. § 195(3)
- Attorneys' fees and costs
- Pre/post judgment interest

Status of Settlement Discussions

The parties are currently engaging in settlement discussions.  A settlement conference is not needed  at this time.

We thank the Court for its attention to this matter.

Respectfully Submitted,

/s/ D. Maimon Kirschenbaum            /s/ Howard A. Matalon
D. Maimon Kirschenbaum                Howard A. Matalon
JOSEPH & KIRSCHENBAUM LLP             OLENDER FELDMAN

*Attorneys for Plaintiff*             *Attorneys for Defendants*