D. Maimon Kirschenbaum
Denise A. Schulman
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **DEWI RIANA, on behalf of herself and others similarly situated, BLAISE BRENNER, AYANA MAZON, FREYJA LUCIEN, and KAORI YAHASHI,** | CASE NO. 1:23-CV-05248 |
| Plaintiffs, | **AMENDED COMPLAINT** |
| v. | **FLSA COLLECTIVE ACTION** |
| **TORISHIKI USA CORP. d/b/a TORIEN RESTAURANT, SHOWA HOSPITALITY, LLC, JULIEN HAKIM, HIDEO YASUDA, and RODRIGO ACOSTA,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

-------------------------------------------------------x

Plaintiffs on behalf of themselves, and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3. Defendant Torishiki USA Corp. is a New York corporation that owns and operate Torien restaurant in Manhattan, NY.

4. Defendant Torishiki USA Corp. has an annual gross volume of sales in excess of $500,000.

5. Defendant Showa Hospitality LLC ("Showa") is a California limited liability company. Showa is a consortium that owns and operates a number of separately incorporated restaurants, including Torien.

6. Showa's corporate offices actively manage Torien's affairs through constant contact with Torien's General Manager and Chefs Rodrigo Costa and Hideo Yasuda.

7. Showa's website lists Torien as one of the restaurants belonging to its brand.

8. Showa posts job openings on the internet for positions at Torien.

9. Defendant Julien Hakim is an owner of Showa and is actively involved with the management and decision-making at Torien. He frequently visits the restaurant to meet with the management staff and discuss managerial issues, such as staffing, hiring and firing, and finances.

10. Defendant Hideo Yasuda is the executive chef at Torien. He has authority over staff at Torien. He is regularly involved in hiring and firing employees and setting their schedules and pay.

11. Defendant Rodrigo Acosta is a chef at Torien. He has authority over staff at Torien. He is regularly involved in hiring and firing employees and setting their schedules and pay.

12. Plaintiff Dewi Riana has been employed by Defendants as a server at Torien from mid-2022 through the present.

13. Plaintiff Blaise Brenner was employed by Defendants as a hostess at Torien from approximately February 2021 through approximately May 2021.

14. Plaintiff Ayana Mazon was employed by Defendants as a Server at Torien from approximately August 2021 through approximately January 2022.

15. Plaintiff Freyja Lucien was employed by Defendants as a Server at Torien from approximately August 2021 through approximately March 2022.

16. Plaintiff Kaori Yahashi was employed by Defendants as a Server at Torien from approximately March 2021 through approximately September 2021.

17. "Plaintiffs" refers to all Plaintiffs Dewi Riana, Ayana Mazon, Freyja Lucien, and Kaori Yahashi, collectively.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants at Torien on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules retaining their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## FACTS

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Defendants knew that misappropriation of tips would economically injure Plaintiff and the Class Members and violated federal and state laws.

23. Each Plaintiff worked as either a server or a host at Torien restaurant.

24. Each night a Plaintiff worked; they generated tips paid by patrons.

25. Plaintiffs were required to share tips with their coworkers by participating in a tip-pool.

26. Under Defendants' policy, 37.5% of the tip-pool each night went to individuals who are not allowed to share tips under New York law.

27. Specifically, this percentage of the tip-pool was shared with a sous-chef, a dishwasher, and Defendants Yasuda and Rodrigo. None of these individuals interacted directly with customers as part of their primary duties.

28. In addition, Defendants Yasuda and Rodrigo had managerial authority over other employees.

29. Plaintiffs' wage statements did not contain an accurate statement of their tips earned.

30. Defendants committed the foregoing acts against the Plaintiffs and the FLSA Collective members.

31. Plaintiff Dewi Riana filed the initial complaint in this action on June 21, 2023.

32. After the initial filing of this action, during the course of this litigation, Defendants changed the tip pool policy at Torien Restaurant.

33. Instead of pooling tips with all of the workers at the Restaurant, Defendants instituted a service charge at Torien Restaurant.

34. Defendants now distribute the service charge in a similar manner to the way Defendants distributed the tips prior to the filing of this action.

35. That is, Defendants distribute the service charge to service and non-service workers, such as bussers, prep chefs, sous chefs, the head chefs, and the general manager.

36. However, this service charge does not comply with New York Law, because, for example, Defendants did not provide notice to the customers of Torien Restaurant that the service charge would be used to pay non-service workers – such as bussers, prep chefs, sous chefs, the head chefs, and the general manager.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

37. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

38. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

39. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

40. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

41. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)
(Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Members)**

42. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

43. Defendants willfully misappropriated portions of Plaintiffs' and FLSA Collective Members' tips.

44. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Collective Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Members)**

45. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46. Defendants did not provide Plaintiffs and the FLSA Collective Members with the wage notices/statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

47. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Collective Members are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and

state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff Dewi Riana as Representative of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 198 and other applicable statutes;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
      March 22, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Michael DiGiulio  
Michael DiGiulio  
D. Maimon Kirschenbaum  
Denise A. Schulman  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.