JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

August 12, 2024

**VIA ECF**

Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Riana, et al. v. Torishiki USA Corp.*, et al., Case No. 23 Civ. 5248 –
         Settlement Fairness Letter Motion

Dear Judge Parker:

  We represent the Plaintiffs in the above action, and we write to respectfully request that the Court approve the parties' settlement agreement, including the settlement of the Fair Labor Standards Act ("FLSA") claims in this case, because the settlement is fair and reasonable under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) and to so order the joint stipulation of dismissal attached the Agreement as Exhibit B. The parties' executed settlement agreement is submitted herewith as Exhibit 1 ("Agreement").

## Background

  By way of background, and as the Court is aware, Plaintiffs worked as either servers or hosts at "Torien", Defendants' restaurant in New York City. Plaintiffs allege that Defendants unlawfully required them to share tips with managerial employees and employees who did not provide direct customer service, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(m) and the New York Labor Law ("NYLL") § 196-d. *See* Amended Complaint ("Compl.") ¶¶ 37-44. Plaintiffs further alleges that Defendants violated NYLL § 195(1) and (3) by failing to provide them with accurate wage notices and wage statements. Compl. ¶¶ 45-47.

  The parties' settlement agreement resolves all of Plaintiffs' claims for the settlement amount of $160,000. *See* Agreement, ¶ 2. Defendants have agreed to pay Plaintiffs' this settlement amount via a monthly payment plan to be completed by October 2025. *Id.* Defendants have agreed to issue Confessions of Judgment, with an acceleration provision to ensure adherence to the payment scheduled. *Id.* at ¶ 3. This settlement, agreed to by all parties with the help of experienced counsel and the Court's assistance at a settlement conference, is fair and reasonable and should be approved by the Court.

**The Settlement Agreement is Fair and Reasonable**

To determine whether an FLSA settlement is "fair and reasonable," the court considers five factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Zamora v. One Fifty Fifty Seven Corp.*, no. 14-cv-8043, 2016 U.S. Dist. LEXIS 49286, at *2 (S.D.N.Y. Apr. 1, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). As set forth more fully below, the settlement is fair and reasonable and thus should be approved. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

In determining whether the Settlement Agreement is fair and reasonable, the parties took into account that: (A) the parties' dispute as to whether certain members of the tip pool performed direct customer service and, thus, whether they were lawfully in the tip pool, (B) Defendants claim an inability to pay a larger settlement amount, and (C) the settlement provides for a full recovery of Plaintiffs' alleged compensatory damages for misappropriated tips without the inherent risk and delay of litigation. *See generally, Mobley v Five Gems Mgt. Corp.,* 17-Civ.-9448 2018 US Dist. LEXIS 59104 at *4 (S.D.N.Y. April 6, 2018) (listing similar considerations).

The $160,000 settlement amount is reasonable in light of Plaintiffs' maximum possible recovery. Plaintiffs' maximum compensatory damages for misappropriated tips under the FLSA and NYLL is approximately $98,0000. While Plaintiffs could recover an equal amount as liquidated damages, and an additional $40,000 in NYLL § 195 penalties, Plaintiffs face significant risks regarding liquidated damages and penalties. Specifically, Defendants will likely argue that Plaintiffs lack standing to obtain NYLL § 195 penalties and will argue that Defendants acted in good faith and that liquidated damages are thus inappropriate. Moreover, the parties dispute whether certain members of the tip pool performed direct customer service and, thus, whether Defendants broke the law in requiring Plaintiffs to share tips with these individuals. Thus, there is risk for Plaintiffs in going to trial on their claims. Finally, the settlement will provide Plaintiffs – after deducting attorneys' fees and costs – with just over $103,000, which is more than Plaintiffs' collective compensatory damages. According, the settlement amount is fair and reasonable.

In addition, Plaintiffs are reasonably concerned about Defendants' ability to pay. Defendants operate a restaurant and contend that they would have financial hardships if forced to pay a larger amount or in a lump sum. Thus, even if Plaintiffs were to prevail at trial and were awarded a larger judgment, it is unclear whether Defendants would be able to pay it or that Plaintiffs would be able to collect it. In light of this serious risk, it is more than reasonable for Plaintiffs to accept a sum-certain settlement now with a reasonable payment plan. *See, e.g. Villanueva v. 179 Third Avenue Rest. Inc.*, No. 16-cv-8782 (AJN), 2018 U.S. Dist. LEXIS 116379, at *5 (S.D.N.Y. July 12, 2018) ("Obstacles to collection may justify a reasonable settlement for an amount less than the maximum amount Plaintiffs might have recovered otherwise."); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) (collecting cases that "recognize[] that potential difficulty in collecting damages militates in favor of finding a settlement

reasonable."). Here the payment plan requires Defendants to pay Plaintiffs $40,000 up front, and the remaining over $120,000 over the course of 14 months. *See* Agreement ¶ 2. The payment plan also provides that Plaintiffs will receive their full share of the settlement amount by July 2025 (i.e., 11 months from the first payment) and is secured by a confession of judgment and acceleration provisions. *See* Agreement ¶ 3, Ex. B. This is a reasonable payment plan.

Additionally, this settlement was the product of a long and extensive arms-length negotiation between the parties, which included an in-person settlement conference with the Court, and the Court's recommendations for settlement. Thus, the Court is well aware that there was no fraud or collusion in reaching this settlement. The settlement agreement itself does not contain any confidentiality provisions. While the settlement agreement contains mutual general releases, these releases are reasonable and fair. *See* Agreement ¶ 4. As the Court is aware, during the settlement conference and the subsequent negotiations, Defendants became reasonably concerned that Plaintiffs could assert non-wage and hour claims should the case not settle. A general release in this context is reasonable. *See e.g., Lewis v. GB Sneakers Inc.*, Case No. 21 CV 4712, 2023 U.S. Dist. LEXIS 11504, at *3 (E.D.N.Y. Jan. 20, 2023) (approving release of claims not previously alleged in complaint, including discrimination claims). Regardless, because the general release is mutual (i.e., identical) in all respects, the terms have been negotiated by competent counsel, and the parties no longer have an employee-employer relationship, the mutual general release in the settlement agreement is reasonable and fair. *See e.g., Molling v. Liebenbrau LLC*, Case No. 23-cv-3436, 2024 U.S. Dist. LEXIS 42297, at *7-9 (S.D.N.Y. March 11, 2024) (collecting cases that approve mutual general releases in FLSA settlement agreements).

Finally, Plaintiffs' attorneys' fees are reasonable and not excessive. Plaintiffs' attorneys' fees and costs under the agreement are $57,069.63, which is 1/3 of the total settlement amount, after costs are repaid, plus the costs. This attorneys' fee award is 1.29 times Plaintiffs' counsel's lodestar, which is $44,242.50.[1] Plaintiffs' counsel's time and labor warrants the requested fee.

---

[1] Plaintiffs' counsel has extensive experience representing employees in wage and hour actions. Joseph & Kirschenbaum LLP ("JK") is a law firm dealing almost exclusively with employees' rights. Among other things, the firm represents employees in wage/hour and employment discrimination matters. The three billers in this case are Michael DiGiulio, Esq. (undersigned), Denise Schulman, Esq., and the paralegal Evelyn Valesaca. Plaintiff's counsel's attorney time is attached as Exhibit 2.

Mr. DiGiulio graduated from Vermont Law School in 2014 and joined JK in 2020. Prior to joining JK, he clerked on the United States Court of Appeals for the Second Circuit and practiced environmental law as an associate attorney for Super Law Group. The majority of Mr. DiGiulio's docket at JK consists of individual and class/collective wage and hour actions, and employment discrimination/retaliation cases. Mr. DiGiulio's rate of $350 per hour is reasonable and has been approved in this District. *See e.g., Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (S.D.N.Y. April 12, 2023). Courts have also approved this rate for other attorneys with similar experience. *See Wen Bin Gao v. Lucky Brother Inc.*, Case No. 17-cv-8159, 2020 U.S. Dist. LEXIS 100811, at *4-7 (S.D.N.Y. June 9, 2020) (awarding associate rate of $350 in FLSA case); *Calixto v. Gomez Enters. USA Corp.*, Case No. 17-cv-9617, 2019 U.S. Dist. LEXIS 6592, at *5-6 (S.D.N.Y. Jan. 11, 2019) (awarding associate rate of $350 per hour for an attorney with 4 years of experience in an FLSA case). Mr. DiGiulio spent approximately 112.10 hours on this case, for a total of $39,235.00 (112.10 hours x $350 per hour).

Ms. Schulman received her J.D. from New York University School of Law in 2008 and joined JK in January 2009. Ms. Schulman was an associate at JK until February 2017, when she became a partner. Ms. Schulman's practice at JK has consisted almost entirely of representing employees in their claims against employers. She has extensive

Plaintiffs' counsel efficiently litigated this collective action through discovery. Among other things, Plaintiffs' counsel (1) met with the Plaintiffs many times, (2) drafted, filed, and amended the complaint, (3) conducted paper discovery, including drafting and responding to discovery requests, and compiling and reviewing document productions (4) met and conferred with Defendants regarding discovery issues, (5) defended Plaintiff Riana's deposition, (6) deposed four witnesses, (7) successfully obtained a collective certification and managed notice mailings, (8) obtained and reviewed discovery on a collective-wide basis, (9) analyzed payroll records to formulate Plaintiffs' damages calculation, (10) prepared for and attended the settlement conference, and (11) negotiated a collective settlement and moved for court approval of the settlement.

In total, Plaintiffs' counsel spent at least 124.53 hours litigating this action, as reflected in the time records submitted herewith as Exhibit 2. Plaintiff's counsel exercised billing judgment to omit duplicative, vague, or otherwise excludable entries from Exhibit 2. Plaintiffs' counsel also incurred at least $5,604.45 in costs over the course of this action. *See* Exhibit 3. This includes the $402 filing fee, $468.50 in service of process fees, and $4,733.95 in court reporting fees. *Id.* Plaintiffs' counsel's total lodestar in this action is at least $44,242.50. *See* Ex. 2. Plaintiffs' total lodestar plus costs amount to $49,846.95. Thus, the $57,069.63 that is allocated to Plaintiffs' counsel in the settlement agreement amounts to 1.14 times the fee lodestar plus costs. This multiplier is objectively reasonable. *See Campos v. Goods*, No. 10 CV 224, 2011 U.S. Dist. LEXIS 22959, at *21 (S.D.N.Y. Mar. 4, 2011) ("Courts regularly award lodestar multipliers from 2 to 6 times lodestar."); *see also Quiroz v. NYC Bldg. Mgmt. LLC*, No. 16 CV 7077, 2017 U.S. Dist. LEXIS 141162, at *7 (S.D.N.Y. Aug. 30, 2017) (approving one-third fee that amounted to a 2.46 lodestar multiplier). Moreover, as discussed above, in this settlement Plaintiffs are recovering, after attorneys' fees, all of their alleged compensatory damages. Accordingly, the fee award is objectively reasonable.

Further, under Plaintiffs' contingency fee engagement agreement, Plaintiffs' counsel is entitled to request out of the total recovery one-third in attorneys' fees and the recovery of costs. The "percentage of the settlement amount" method for determining a reasonable fee is "appropriate and commonly applied in FLSA cases" in this Circuit. *Velasquez v. Digital Page, Inc.*, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016); *accord Fang Xiao v. Grand Sicuan Int'l St Marks, Inc.*, No. 14-cv-9063, 2016 U.S. Dist. LEXIS 99669, at *6–7 (S.D.N.Y. July 29, 2016) (applying the percentage of the fund method); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (observing that "the trend in this Circuit is toward the percentage of

---

experience litigating wage and hour cases, including both individual and class actions, as well as other employment matters, including discrimination and retaliation cases. As a partner and experienced litigator, Ms. Schulman's rate of $500 per hour is reasonable. Courts in this District have recently approved an hourly rate of $500 for Ms. Schulman. *See e.g., Zivkovic v. Laura Christy LLC,* No. 17 Civ. 553 (S.D.N.Y. June 15, 2023) (Attached at Exhibit 4 at pp. 12-20); *Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (S.D.N.Y. April 12, 2023) (Attached at Exhibit 5 at pp. 30-34). Ms. Schulman spent approximately 9.21 hours on this case, for a total of $4,605 (9.21 hours x $500 per hour).

Evelyn Velesaca was a paralegal at JK. Her rate of $125 per hour is reasonable. *See e.g., Rosales v. Gerasimos Entrs.* Case No. 16-CV-2278, 2018 U.S. Dist. LEXIS 1230 at *5 (S.D.N.Y. Jan. 3, 2018) (noting in 2018 that "in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable"). Ms. Velesaca spent 3.22 hours on this case, for a total of $402.50.

4

the fund method"). Using this method, "attorneys' fee awards of one third or less of the total settlement amount are generally accepted" in this Circuit. *Cionca v. Interactive Realty, LLC*, No. 15-cv-5123, 2016 U.S. Dist. LEXIS 77372, at *5 (S.D.N.Y. June 10, 2016); *see also Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16-cv-1129 (HBP), 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016) ("Contingency fees of one third in FLSA cases are routinely approved in this Circuit.") (citing cases); *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680 (PAE), 2016 U.S. Dist. LEXIS 79757, at *5 (S.D.N.Y. June 20, 2016) (fee award of one-third of settlement "consistent with contingency fees that are commonly accepted in the Second Circuit in FLSA cases" (quotation omitted)).

For the foregoing reasons, Plaintiffs request that the Court approve the settlement agreement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully Submitted,

/s Michael DiGiulio
Michael DiGiulio
Joseph & Kirschenbaum LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-564

*Attorneys for Plaintiffs*